## CHARLES T. STILES, PLAINTIFF IN ERROR,

*v.*

## ARTHUR JAMES, DEFENDANT IN ERROR.

A majority of the·Court hold that venue is jurisdictional in an action to recover specific personal property, and that a complaint is fatally defective which fails to allege that the property, or a part of it, at the time of the commencement of the action, was in the County in which the action is brought.

But where the Sheriff's return on file in the cause shows the property is within the Court's jurisdiction, the omission in the pleading is corrected.

ERROR, to First Judicial District, holding terms at Dayton.

This was an action for the recovery of the possession of certain personal property, or for the value thereof, in case a recovery could not be had.

Issues were joined ; the cause was tried by a jury ; each party introduced proofs ; a verdict was returned, and entered in favor of the plaintiff, for the return of the property, and for a given amount—the value of the property—in case it was not returned.

Subsequent to the entry of verdict, the defendant filed a motion in arrest of judgment upon the verdict, alleging as the ground thereof, want of jurisdiction of the Court in the premises, for the reason the complaint failed to show the property had been detained in either Columbia or Garfield Counties, for which said Court was holden.

The pleadings were silent as to the place of taking and de-

tention, although the return of the Sheriff showed he had the property by virtue of the writ in the proper county.

The motion was sustained and the action dismissed.

*John B. Allen,* for Plaintiff in error.

The Court is one of general jurisdiction. The statute of the United States authorizes the creation of such Courts by the Legislative Assembly of each Territory, and the bestowal upon them of jurisdiction to hear and determine all matters and causes, except those in which the United States is a party. (Revised Statutes of U. S., Sec. 1874; Code of Washington, 1881, p. 365, Secs. 2114, 2115 and 2121.)

The Court below had jurisdiction of the parties, and by its constitution, jurisdiction of that class of cases to which the suit at bar belongs. It also has jurisdiction of such cases by statutory enactment. (Code of Wash., 1881, p. 42, Sec. 47.)

Section 48 of the Code of 1881 is not a limitation upon jurisdiction, but is a statute enacted in the interest of convenience and economy.

This statute is practically that of California, which has been so construed. (Harston's Practice, 137; *Rearkes* v. *Freer*, 9 Cal. 642; *Watts* v. *White*, 13 Cal. 324.)

Nothing shall be intended to be out of the jurisdiction of a Superior Court, but that which expressly appears to be so. (Freeman on Judgments, Sec. 124.)

After verdict, the presumption was that plaintiff proved the unlawful detention of the property at one of the counties within the Court's jurisdiction. (*Grignon's Lessees* v. *Astor*, 2 How. 340; 15 Curtis, 132.)

The mere accident of place does not alter the case; it does not justify the wrongful act; therefore, if the defendant goes to trial without first informing the Court that, on account of the venue, he wishes its action suspended, the verdict rendered against him cures the defect, and prevents him from afterward objecting. (Saunders' Reports, 228, note 1; Bliss on Code Pleading, Sec. 438.)

The doctrine of the Statute of Joefails, as known to the English practice, and as declared in our own Code, 1881, Sec. 113, rendered this a defect or error in pleading that should be over-

looked; and more especially when the defendant made no claim of prejudice thereby, but with full knowledge of the state of the pleadings, submits the cause to trial.

*W. A. George* and *M. N. Godman*, for Defendant in error.

The Court below is not a Court of any judicial district, in pursuance of the provisions of the Organic Act, and has not the same jurisdiction of those Courts. It is a Court of common law jurisdiction, but was "created and established within and for the County of Columbia." (First section of an Act creating and conferring jurisdiction upon the District Court of the County of Columbia, Laws of 1877, p. 363.)

An action of this character, whether in the form of replevin or detinue, in the *cepet* or *detinuet*, is a local action at common law. Abbott's collection of Forms and Pleading in one volume, 1858, in note (f) on page 352, says: "The place of taking has always been held material, and necessary to be stated with certainty." (*Garder* v. *Humphry*, 10 Johnson's Reports, 53; *Jackson* v. *Rogers*, 11 Johnson's Reports, 33; Sixth American and fifth London edition of Chitty's Pleading, Vol. 2, star p. 842, note f.) But we think Section 47 of the Code of Washington fully settles the question, without much regard to the common law. That section provides that "actions for the following cases *shall be commenced* in the county or district in which the subject of the action or some part thereof is situated." The first subdivision of the section relates to actions for the recovery of real estate or affecting real estate, and the second subdivision puts actions for the recovery of the possession of specific personal property in exactly the same position in that regard, so that there is no difference.

To our minds, the plaintiff in error confounds the provisions of Sections 47 and 48. Section 47 provides for those cases in which the action *shall be commenced* in the county or district, and has relation to the specific subject matter of the action. Section 48 provides for the *place of trial* of certain actions; and Section 51 provides that the Court may, if the action is brought in the *wrong county*, change the place of trial, and has relation to the parties to the action rather than to the subject matter.

Counsel for plaintiff has much to say about the statute of

California. The statutes of California and this Territory, touching the questions involved in this case, are so unlike, that we scarcely deem it profitable to discuss them together. The California statute provides throughout on the subject for the *place of trial,* subject to a change of venue, and nowhere provides that any action " shall be commenced " in any particular county or district.

Opinion of WINGARD, Associate Justice.

This was an action begun in the above mentioned Court, for the recovery of the possession of specific personal property, to wit: two horses.

Upon issues joined, the cause was tried by a jury at the regular June term, 1882, and a verdict was returned in favor of the plaintiff.

Upon the return of the verdict, the defendant's counsel filed a motion in arrest of judgment, on the ground that the Court had no jurisdiction of the subject matter of the action, for the reason that the complaint failed to show that at the commencement of the action the property was detained in Columbia or Garfield counties for which said Court was holden, or elsewhere. The Court below sustained the motion, and subsequently, during the term, a motion was made by defendant's attorney to dismiss the action, which motion was likewise sustained by the Court. This action of the Court in sustaining the aforesaid motions is assigned as error. The return of the Sheriff in the transcript before us shows that the property was found and taken by him within the jurisdiction of the Court, to wit: in Garfield County, aforesaid. We are of opinion that an allegation of venue in the complaint was essential to give the Court jurisdiction of the subject matter; but although no mention appears to have been made during the proceedings in the Court below of the Sheriff's return, the Court was bound to have knowledge of the record, and that record discloses that the property was within the jurisdiction of the Court. The substantial rights of the defendant, therefore, were not affected by the defect in the complaint, and the Court should have disregarded it. (Section 113, Code of 1881.)

Let the judgment of the Court below, in arresting the judgment and dismissing the action, be reversed.

Concurring opinion by HOYT, Associate Justice.

I concur in the result, but am not prepared to hold that an allegation of venue in cases of this kind is essential to jurisdiction.