[No. 125.  Decided February 11, 1891.]

GEORGE STOWE v. THE STATE OF WASHINGTON.

CONSTITUTIONAL LAW — COSTS IN CRIMINAL PROSECUTIONS — STE-
NOGRAPHER'S FEES.

The constitutional provision (art. 1, § 22) that "in no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed," has reference to the final judgment of the trial court, and not of the supreme court.

The county commissioners cannot be compelled, for the benefit of the accused in a criminal prosecution, to pay for a copy of a stenographer's report of the trial.

*Appeal from Superior Court, Pierce County.*

*Frank L. Kuhn,* and *Heilig & Heuston,* for appellant.

*W. H. Snell,* Prosecuting Attorney, and *Charles Bedford,* for appellee.

The opinion of the court was delivered by

DUNBAR, J. — The defendant, upon the information of the prosecuting attorney of Pierce county, was tried for the murder of Enoch Crosby, and on April 25, 1890, found guilty of murder in the second degree. On May 17, 1890, he presented his motion for a new trial, based upon errors of the court, newly discovered evidence, and that

the verdict was contrary to law and the evidence, which motion was overruled, and defendant, on same day, sentenced to imprisonment in the state penitentiary for twenty years. On June 11, 1890, his attorneys gave notice, in open court, of appeal to the supreme court of the state, which was duly entered upon the journal. Defendant's attorneys on the same day served the prosecuting attorney with notice that on June 23, 1890, they would appear before the judge that had tried the case, for the purpose of settling a statement of facts to be transmitted with the transcript of the cause to the supreme court. On the 16th day of June, 1890, defendant's attorneys presented and filed his petition, setting forth that in order to prosecute his appeal it was necessary to make a transcript of the testimony, rulings and charge of the court given at the trial a part of the statement of facts; that these were taken in shorthand by the official reporter of said court, and no longhand transcript had been made thereof; that the reporter refused, on demand, to furnish a longhand transcript thereof unless he was paid the sum of $100 in advance as part of his fees for making such transcript; that the defendant had no means whatever, and could not procure the money to pay said sum; and praying the court to make an order directing the county commissioners of Pierce county to pay or advance said sum in payment of said fees. But the court, on the 16th of June, 1890, entered an order denying the prayer of the defendant, and refused to grant him the relief prayed for; to which order defendant on same day excepted, and exception was allowed. From this order defendant appealed, and gave notice of appeal in open court, June 23, 1890.

Appellant bases his claim upon § 22, article 1 of the Constitution of Washington, which reads as follows: "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature

and cause of the accusation against him; to have a copy thereof; to testify in his own behalf; to meet the witnesses against him face to face; to have compulsory process to compel the attendance of witnesses in his own behalf; to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed;" and argues that the "final judgment" mentioned in said section means the final judgment of the supreme court instead of the trial court. We do not think this position tenable. By an inspection of the section cited, it will be seen that all the rights and privileges guaranteed to the defendant are rights and privileges necessarily antecedent to the judgment in the trial court; and although the right to appeal in all cases is guaranteed, construing all the provisions of the section together, it is clear that the qualification "before final judgment" refers to the final judgment in the trial court, and that the interjection of the words "and the right to appeal in all cases" is simply an announcement in the declaration of rights of the right of appeal. Again, as is forcibly argued by the prosecuting attorney, if the words "final judgment" mean that judgment from which there is no appeal, the expression is meaningless; for after that judgment there is nothing more to be done for which fees or money could be demanded; and that in order to give force to the language at all, it must be construed to mean the final judgment of the trial court.

We do not think the county commissioners could, by virtue of § 2673 of the code, or by any other provision of the law, be compelled to pay for a copy of a stenographer's report of a trial for the benefit of the defendant. There is no law compelling the state or county to employ a stenographer at all. Sometimes they are employed by

the state, sometimes by the defense, and frequently criminal cases are tried without a stenographer; but, whenever one is employed, his services belong exclusively to his employer. If such a claim as this were allowed, it would be difficult to limit the demands of defendants in criminal actions on the county treasury. We think there was no error in refusing to grant the relief prayed for in the petition. The judgment of the court below is affirmed.

ANDERS, C. J., and HOYT, SCOTT, and STILES, JJ., concur.