[No. 134.  Decided May 14, 1891.]

THE STATE OF WASHINGTON, *on the Relation of Dominico Coella,* v. W. F. FENIMORE, *Clerk of the Superior Court of Jefferson County.*

CONSTITUTIONAL LAW — COSTS ON APPEAL — DEFENDANT WITHOUT MEANS.

A person convicted of murder is entitled, on appeal, to a transcript of the record at the expense of the public on showing that he is without means and unable to pay the clerk's fees therefor. (DUNBAR, J., dissents.)

*Original Application for Mandamus:*

*John Fairfield,* and *Daniel Kelleher,* for relator.

*R. E. Moody,* and *R. A. Ballinger,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Relator was convicted of murder in the first degree and sentenced to death. He gave notice of appeal to this court, and to perfect the same sought to have the clerk transmit a transcript of the record. The clerk declined to do this unless the fees for preparing the same were first paid. Relator thereupon showed that he was without means, and was absolutely unable to pay such fees. Under these circumstances, relator was entitled to such transcript at the expense of the public. The writ of *mandamus* must issue as prayed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J. (*dissenting*).—I dissent. I know of no provision of law, either statutory or constitutional, empowering the court to authorize the disbursement of public funds to aid a defendant to prosecute his appeal to the supreme court. Section 22, art. 1, of the state constitution, relied upon by counsel for appellant, in my judgment does not touch this case. That section simply guarantees to the accused the right of appeal in any case; that is, provides that the right of appeal in criminal cases shall not be taken away by statute; and the final judgment referred to in said section refers to final judgment in the superior courts. Such was the construction placed upon it in *Stowe v. State, ante,* p. 124, decided by this court at its last term. The payment by the state of the costs of appeal in a criminal action, where the defendant is not able to pay, might be a humane policy for the law to adopt; but as the law-making power has not seen fit to adopt such a policy, it is not within the inherent power of the court to grant the relief asked for.