[No. 4658. Decided June 23, 1903.]

THE STATE OF WASHINGTON *on the Relation of Maurice A. Langhorne, Prosecuting Attorney,* v. SUPERIOR COURT OF LEWIS COUNTY.

APPEAL — COSTS INCURRED BY PAUPER — LIABILITY OF COUNTY.

The superior court is without jurisdiction to order the costs of an appeal, prosecuted by an accused *in forma pauperis,* to be charged against the county.

*Original Application for Certiorari.*

*Maurice A. Langhorne,* for relator.

PER CURIAM.—One George D. Carpenter was, on the 27th day of September, 1902, by the superior court of Lewis county, Washington, adjudged guilty of a felony. From that judgment he appealed to this court, and on the 23d day of October, 1902, he presented his motion, supported by an affidavit, to the superior court of Lewis county, wherein it was set forth that he was confined in the county jail of Lewis county, and that he was without means to pay the expenses incident to an appeal, and prayed that all the costs and expenses thereof be at the cost and expense of the county of Lewis. In response to said motion the court entered an order permitting the defendant to prosecute his appeal to the supreme court of the state of Washington *in forma pauperis,* and further ordered that said appeal be at the cost of, and that the cost thereof be paid by, the county of Lewis, the bill of all such costs to be presented to the judge of said court and audited by him before being paid. On April 3, 1903, the court made and entered its order directing the auditor of Lewis county to draw a warrant in favor of I. P. Callison,

in the sum of $20, in payment of a brief printed by said Callison for said Carpenter, to be used on his appeal in the case of *State of Washington v. George D. Carpenter.* Hon. Maurice A. Langhorne, prosecuting attorney of said Lewis county, objected to the making of said order by the said court, and made an application in this court for a writ of review to annul and set aside these orders as being beyond the power and jurisdiction of the superior court to enter and enforce. A return has been made to the show-cause order sending up the transcript, which shows substantially the facts related above.

We are all of the opinion that the court was without jurisdiction to make the order complained of. There is no provision of law whereby counties are chargeable with the expense of printing briefs in a criminal case, and certainly no provision for peremptory judgment against the county without any appearance or notice given to the county. It is asserted in the brief of the relator that the lower court conceded that he had no statutory authority to make the order complained of, but claimed that it was within the inherent power of the court to make and enforce said order, independent of any statute.. We are unable to see that the doctrine of inherent power applies to a case of this kind at all. These are matters that do not go to the protection of the court in any of its rights, and are matters which must of necessity be governed entirely by statutory enactment, the right of appeal itself being purely statutory. The cases of *Stowe v. State,* 2 Wash. 124 (25 Pac. 1085), and *State ex rel. Rochford v. Superior Court,* 4 Wash. 30 (29 Pac. 764), are in principle conclusive on this subject.

Our conclusion is that the court was without jurisdiction to enter the order, and that the same is void. The judgment of the court will be reversed, and the cause remanded, instructing the trial court to deny the motion.