[No. 16913. Department Two. December 1, 1921.]

THE STATE OF WASHINGTON, *on the Relation of James E. Mahoney, Plaintiff*, v. J. T. RONALD, *as Judge of the Superior Court for King County, Respondent.*[1]

CONSTITUTIONAL LAW (144)—CRIMINAL LAW (395)—APPEAL—RIGHTS OF ACCUSED—PAYMENT OF FEES OR COSTS—LIABILITY OF COUNTY. One convicted of crime upon a trial in the superior court cannot require the public treasury to defray the cost of his appeal from the judgment under Const., art. 1, § 22, defining the right of appeal and providing that "in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed," since the "final judgment" therein referred to means the judgment of the superior court.

Application filed in the supreme court November 3, 1921, for a writ of mandamus to compel the superior court for King county, Ronald, J., to supply relator a transcript on appeal. Denied.

[1]Reported in 202 Pac. 241.

21—117 WASH.

*Lee Johnson* and *L. B. Schwellenbach,* for relator.

*Malcolm Douglas, T. H. Patterson,* and *Arthur Schramm,* for respondent.

HOVEY, J.—An alternative writ of mandate was heretofore issued by this court requiring the respondent, as superior judge, to show cause why he should not be required to enter an order requiring the prosecuting attorney of King county and the court reporter in the employ of said prosecuting attorney to supply a transcript of the testimony and proceeding of the trial court in a certain cause theretofore tried in said court in which the state of Washington was plaintiff and the relator, James E. Mahoney, was the defendant.

Respondent first demurred to the petition, but, upon argument, waived any question as to whether mandamus is in fact the proper remedy rather than by writ of review.

Respondent also made return that the only transcript of the testimony which the prosecuting attorney and the reporter have is a transcript of the testimony of the witnesses supplied to the prosecuting attorney from day to day as the trial progressed and that it does not contain the entire proceedings.

It appears from the petition and the affidavit in support thereof that the relator was tried in the court presided over by the respondent judge for the crime of murder in the first degree, and that, at the conclusion of the trial, a verdict of guilty was rendered by the jury, with the special verdict that the penalty should be death. Thereafter the relator was sentenced to be hanged, and the relator gave notice of appeal to this court.

On October 21, 1921, relator duly petitioned the respondent judge for an order requiring the delivery of the testimony, the same to be without cost to the

relator, upon the ground and for the reason that the defendant is unable to pay for said transcript. It is stated in the affidavit accompanying the petition that the cost of the transcript will be approximately $1,033.

It is further stated in this proceeding that, on November 2, 1921, the respondent judge "ordered, adjudged and decreed that the petition of the defendant be and the same is hereby denied for the reason and on the ground that this court has no authority to grant the same."

Upon the argument in this court, it was stated by the prosecuting attorney that he was perfectly willing to supply all the testimony that he has to counsel for the relator if the latter will stipulate to so expedite the appeal that the same may be disposed of at the next term of this court, and it was contended by the relator's attorney that this did not allow of sufficient time to perfect his appeal.

The only legal reason advanced by the relator for the relief is § 22, of art. 1, of the constitution of this state, which reads as follows:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

And it is contended that the right to appeal guaranteed to defendants under this section includes the right to require the county to defray the cost thereof where the defendant is unable to pay.

The relator cites three cases which we will discuss in order. *State ex rel. Martin v. Wofford,* 121 Mo. 61, 25 S. W. 851, is a case where the supreme court of Missouri held that a statute of that state granted this privilege to the defendant in the particular county in question. In *People v. Jones,* 34 Hun (N. Y.) 620, the general term of the supreme court of New York held, under a special statute of that state wherein that court was required to review the evidence in all capital cases if desired by the convict or his counsel, the appellate division was authorized to order the expense of the appeal to be paid by the county.

The only case cited based upon a constitutional provision is *Jeffries v. State,* 9 Okl. Cr. 573, 132 Pac. 823, being from the court of appeals of the state of Oklahoma. In that case it was held that, where the defendant had not the funds to employ counsel in the first instance, the expense of the transcript should be met by the county, under a section of the bill of rights in the constitution which reads as follows:

"The courts of justice of this state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

This provision is a general one, and if deemed sufficient to require the state not only to give a defendant every opportunity to be heard, but to go farther and furnish the funds for the purpose, it is unlike our provision, which more particularly specifies the extent of such aid.

At common law there was no right of appeal in criminal cases, and the English statute providing for suits by poor people without the payment of fees did not apply to criminal appeals. In the United States

the right of a poor person to appeal at the expense of the state is given by statute in a few states. See 17 C. J. 103, wherein this state is erroneously cited to this point. In this state we have no such statute and the right, if it exists, must come from this provision of the constitution.

In the case of *Stowe v. State,* 2 Wash. 124, 25 Pac. 1085, this court decided that the "final judgment" referred to in our constitutional provision is the judgment of the trial court and the provision preceding these words relative to the advance of money or fees refers to the judgment of the trial court, and while the right of appeal is preserved to the defendant, he is not given the right to obtain the same at the expense of the public treasury. This case was followed in *State ex rel. Langhorne v. Superior Court,* 32 Wash. 80, 72 Pac. 1027, and has never been overruled.

Relator cites *State ex rel. Coella v. Fenimore,* 2 Wash. 370, 26 Pac. 807, wherein the clerk of the court was required to supply a transcript of the record to a defendant who was unable to pay the fee. No authority is cited to support this decision and it evidently was not intended to overrule the doctrine of *Stowe v. State, supra,* as this court in the subsequent case of *State ex rel. Coella v. Fenimore, supra,* followed the first case. In our opinion, the reasoning of Judge Dunbar in the first case is logical and conclusive and we adhere to the law as pronounced in that case.

The writ prayed for will be denied and the proceeding dismissed.

PARKER, C. J., MAIN, HOLCOMB, and BRIDGES, JJ., concur.