[No. 23147. *En Banc.* July 16, 1931.]

THE STATE OF WASHINGTON, *on the relation of* ANDREW MARR, *Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

*H. E. Foster,* for relator.

*Bertil E. Johnson* and *H. B. Gardner,* for respondents.

HOLCOMB, J.—In this proceeding in this court on an alternative writ of certiorari, relator prays that the peremptory writ issue requiring respondent judge to direct the official court reporter in and for Pierce county to furnish a longhand copy of the testimony in a criminal case, upon the ground that relator is indigent.

In the court below, relator filed a motion, supported by an affidavit, in which he alleged that he is an indigent person, not possessed of any money or property of any character or description, and has no means of raising any money; that he has no property save and excepting his personal belongings consisting of a few

[1]Reported in 1 P. (2d) 331.

clothes; that he desires to have the trial and judgment of the trial court reviewed upon appeal by the supreme court, and that notice of appeal from the judgment of the lower court has been given; that a few of affiant's friends had obligated themselves to furnish assistance in his defense, but they were wholly unable financially to furnish money to cover the costs and expenses incident to the appeal; that affiant is helpless and cannot assist himself.

This affidavit was not controverted by any countershowing on the part of the state, but the trial court denied it upon the grounds, among other things, that, although the court had appointed counsel for relator upon his being arraigned, thereafter other counsel was employed to assist counsel appointed by the court, by relator or others in his behalf, to conduct the defense; that the motion of relator was resisted by the state, and that respondent judge, after duly considering the same and taking into consideration all the facts, records and files, denied the motion and orally announced as his reason therefor that, in the opinion of respondent judge, justice would not be promoted by furnishing relator with a free statement of facts to be made by the official reporter and paid for by the county treasurer, in that relator had been accorded a fair and impartial trial, and in respondent's opinion no grave or prejudicial errors occurred therein.

An averment in the petition for the writ filed here, to the effect that relator, being an indigent person and not being possessed of any property or assets of any character or description whatever, was denied in the return of respondent judge; and a further averment that relator had been advised that grave errors appear and exist in the proceedings and in the conduct of the trial, and as the result of which the verdict of guilty was returned against him, was also expressly denied.

The affidavit of relator also avers that he was prosecuted in the court below by an information charging him with the crime of assault in the first degree, to which he pleaded not guilty; that the trial began on March 9, 1931, before respondent judge and a jury, and proceeded until the afternoon of March 17, 1931, after which the jury deliberated for approximately twenty hours before returning into court with a verdict, which verdict was guilty of assault in the first degree, as charged; that thereafter relator presented his motion for a new trial and his motion in arrest of judgment, which motions were denied and judgment was entered upon the verdict sentencing relator to an indeterminate term in the state penitentiary of not less than fourteen years nor more than twenty-five years.

Relator relies on Rem. Comp. Stat., § 42-5, which, so far as material, reads:

"When shorthand notes have been taken in any cause as in this act provided, if the court, or either party to the suit or action, or his attorney, requests a transcript of the notes into longhand, the official reporter shall make, or cause to be made, with reasonable diligence, full and accurate typewritten transcript of the testimony. . . . Provided, that when the defendant in any criminal cause shall present to the judge presiding satisfactory proof, by affidavit or otherwise, that he is unable to pay for such transcript the presiding judge, if in his opinion justice will thereby be promoted, may order said transcript to be made by the official reporter, etc."

*State ex rel. Coella v. Fenimore,* 2 Wash. 370, 26 Pac. 807, is cited by relator to sustain his contention. In that case, the clerk of the court was required to supply a transcript of the record to a defendant who was unable to pay the fee. In the same volume of reports in which the *Coella* case was reported, is found the case of *Stowe v. State,* 2 Wash. 124, 25 Pac. 1085,

where, in an opinion written by Judge Dunbar, it was held that the constitutional provision, Art. I, § 22, although guaranteeing the right to appeal in all cases without being required to advance any fees or costs before final judgment, meant that the final judgment there referred to was the judgment of the trial court, and that the provision preceding these words, relative to the advance of moneys or fees, refers to the judgment of the trial court, and that while the right of appeal is preserved to the defendant, he is not given the right to obtain the same at the expense of the public treasury. The effect of that case is that the constitutional right of appeal does not include the right to appeal by an impecunious defendant at the expense of the county.

In *State ex rel. Langhorne v. Superior Court,* 32 Wash. 80, 72 Pac. 1027, that case was cited, as was also *State ex rel. Rochford v. Superior Court,* 4 Wash. 30, 29 Pac. 764. They were declared to be conclusive on the subject of the right of an accused to have the costs of an appeal prosecuted by him *in forma pauperis* to be charged against the county.

In *State ex rel. Mahoney v. Ronald,* 117 Wash. 641, 202 Pac. 241, a capital case, the constitutional provision above cited was again before us, in a case in which it was sought to compel the trial court to enter an order requiring the prosecuting attorney of King county and the court reporter in the employ of the prosecuting attorney to supply a transcript of the testimony and the proceedings of the trial court. In that case, we reviewed the cases of *Stowe, Langhorne,* and *Coella, supra,* and reached the conclusion that the constitutional provision guaranteeing the right to appeal did not include the right to require the county to defray the cost of an appeal where the defendant is unable to pay. We took occasion to say:

"At common law there was no right of appeal in criminal cases, and the English statute providing for suits by poor people without the payment of fees did not apply to criminal appeals. In the United States the right of a poor person to appeal at the expense of the state is given by statute in a few states. See 17 C. J. 103, wherein this state is erroneously cited to this point. In this state we have no such statute and the right, if it exists, must come from this provision of the constitution."

We now have the statute above quoted. It remains to determine whether its effect is as far reaching as relator contends.

In *State ex rel. Whitfield v. Superior Court,* 125 Wash. 667, 216 Pac. 887, we had that statute and Rem. Comp. Stat., § 1729, before us for consideration. Section 1729 provides for a transcript of the records and files of the superior court, which comprises only the records and files kept by the clerk of that court. The last cited section requires a transcript of such records to be furnished appellants in a criminal case without cost where he prosecutes a criminal appeal *in forma pauperis.* In that case, it had been shown that the relator had, at the time the prosecution against him was begun, property of the value of one thousand dollars or more, of which he had purposely deprived himself. We there held that, having voluntarily placed himself in the situation in which he was, the superior court was right in denying him the record on appeal at the expense of the county. We also held that, although § 42-5, *supra,* gave the trial court the right in a proper case to order a statement of facts for an indigent defendant at the expense of the county, the trial court was justified in that case in refusing such order. In that case, so far as was there pertinent, 17 C. J. 103

was quoted, and authorities cited thereunder mentioned. A further part of the text which was not quoted in the same authority which applies here reads:

"In some jurisdictions, however, it is discretionary with the court whether he will compel the official stenographer to furnish an impecunious defendant with a transcript of the evidence."

Cases cited under the foregoing text are *Ex parte Morgan,* 122 Ind. 428, and *Merrick v. State,* 63 Ind. 327. In the *Merrick* case, it was simply held that under a certain statute, which was not set out, the trial court could, in its discretion, admit the defendant to defend as a poor person and direct that a longhand copy of the notes of the reporter be furnished to the defendant to enable him to prepare a bill of exceptions. In the *Morgan* case, *supra,* the opinion refers to provisions of the constitution of Indiana, providing that in all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense has been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor.

The court there enumerated all the rights granted by the constitution to the accused in a criminal case, and held that, under the constitutional provisions and the statute authorizing the trial court, in its discretion, to allow an accused to defend as a poor person and to have a longhand copy of the notes of the stenographer at the trial in order to prosecute his appeal, the last was not a matter of right, but a pure matter of discretion. The court there observed that the trial courts are provided for the trials of causes, and the presumption

is in favor of a fair trial and that no error has been committed. We have authority of our own in favor of the fairness of the trial and the regularity of the trial judge's procedure. *State v. Schafer,* 156 Wash. 240, 286 Pac. 833.

In all manner of proceedings, we have almost uniformly refused to dictate to the trial court in matters committed to its discretion. There may be cases where such discretion may be abused, but such abuse must be made manifestly to appear. If such abuse does not clearly appear, our hands are tied as much as in cases where the trial court denies or grants motions for new trials based upon the ground of the insufficiency of the evidence.

The statute before us involves more than the mere indigence of the defendant. It prescribes that, if the presiding judge does not think justice will be promoted, he shall not order a free transcript of the evidence for the accused on appeal. Although it is possible, it is not manifest that the discretion of the trial judge was abused in this instance. It cannot justly be said that this usurps the functions of this court, which in such cases are purely appellate, while the superior court is a court of general and exclusive jurisdiction, except for the correction of errors in the matters and ways provided by law. The language of the statute is very broad and vests in the trial judge almost absolute discretion. Its language is, "If in his opinion justice will thereby be promoted, [he] may order said transcript to be made by the official reporter."

Under our decisions, no constitutional right of relator has been violated. The right to appeal being a constitutional and statutory right, without which relator would have no appeal, the statutes relating thereto must control.

We conclude that the peremptory writ must be, and it is, denied.

MITCHELL, PARKER, BEALS, MAIN, and MILLARD, JJ., concur.

TOLMAN, C. J. (dissenting)—The cases cited from this court by the majority have no bearing on the question at issue. They were either decided before the enactment of the statute or are from a county not coming under the official reporter act of which this statute is a part. Therefore, we are entirely free to determine now the legislative intent.

Our constitution, Art. I, sec. 22, gives to a person convicted of crime an absolute right of appeal. The statute here in question, quoted by the majority, was enacted in the light of that constitutional provision, and for the purpose of making the constitutional right of appeal effective in those cases where the accused is without financial means. The language used must be construed to effectuate the intention of the legislature.

Undoubtedly, the trial judge may exercise discretion in passing upon the question of the financial ability of the applicant in any case; and it may be that he may go even further, and when he is satisfied that every question that may be raised on appeal has been passed upon by this court, he may for that reason deny the application, upon the ground that an appeal under those conditions would be frivolous and for the purpose of delay only. But when the trial court goes beyond that and says, as he said here, that the applicant has been accorded a fair and impartial trial, and that no grave or prejudicial errors have occurred therein, then he thereby usurps the functions of this court and himself assumes to pass as a court of review upon his own rulings, and thus denies the constitutional right to appeal.

No such purpose or intent can be presumed to have been in the legislative mind, and I can not concur in a construction of the statute which will uphold such a proceeding.

In my judgment, the writ should issue. I therefore dissent.

BEELER, J., concurs with TOLMAN, C. J.