[No. 71905-5.   En Banc.]
Argued September 19, 2002.     Decided April 3, 2003.

COLLEEN ROSE YOUNG, *Individually and as Personal Representative, Petitioner*, v. ARTHUR CLARK, ET AL., *Respondents*.

*Dominic L. Bacetich*, for petitioner.
*Bret S. Simmons* (of *Roy & Simmons*), for respondents.

SANDERS, J. — The question is whether the filing restrictions of former RCW 4.12.020(3) (1941), *amended by* Laws of 2001, ch. 45, § 2, limit subject matter jurisdiction as among superior courts or whether the restrictions relate only to the venue where such actions may be tried. We hold RCW 4.12.020 relates only to venue, overruling *Aydelotte v. Audette*, 110 Wn.2d 249, 253, 750 P.2d 1276 (1988), and reverse the Court of Appeals.

## FACTS

This action arose out of an automobile accident that occurred on July 27, 1997, in Kittitas County and involved William and Colleen Young and Arthur Clark. William Young died two years later. Clerk's Papers at 87. Colleen Young filed suit against Arthur Clark and his wife in Snohomish County, alleging negligence.[1] Colleen Young resides in Snohomish County. The Clarks reside in Pierce

---

[1] Colleen Young was named as personal representative of William Young's estate. Clerk's Papers (CP) at 87. She sued the Clarks on behalf of herself and her husband's estate. *Id.*

County. On August 14, 2000, less than one month after the applicable statute of limitations had run, the Clarks moved for a judgment on the pleadings pursuant to CR 12(c), alleging lack of subject matter jurisdiction under RCW 4.12.020(3) (1941).

At the hearing on the Clarks' motion for judgment on the pleadings, Ms. Young verbally moved to add additional Snohomish County residents as necessary defendants. After the trial court granted the Clarks' motion to dismiss, Allstate moved to intervene as a third party.[2] The trial court did not consider Ms. Young's motion to add additional defendants or Allstate's motion to intervene. In her motion for reconsideration Ms. Young argued the trial court erred in not allowing her to add these defendants to cure the jurisdictional defect created by RCW 4.12.020(3) (1941). The trial court denied the motion.

On appeal the Court of Appeals affirmed. *Young v. Clark*, noted at 108 Wn. App. 1038, 2001 WL 1227928 (per curiam). Young petitioned for discretionary review of the Court of Appeals' decision, and we accepted. *Young v. Clark*, 146 Wn.2d 1002 (2002).

## STANDARD OF REVIEW

■ Whether a particular court has jurisdiction is a question of law reviewed de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

## ANALYSIS

RCW 4.12.020(3) (1941)[3] provides:

For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle

---

[2] Young filed an underinsured motorist claim against Allstate. CP at 35.

[3] Effective July 22, 2001, the legislature amended RCW 4.12.020, inserting gender neutral references in subsection (2) and expanding the application of subsection (3) to all personal injuries and injuries to personal property. LAWS OF 2001, ch. 45, § 2.

accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

Previously, we interpreted RCW 4.12.020 (1941) to dictate which courts have original subject matter jurisdiction over actions governed by that statute.[4] *Aydelotte*, 110 Wn.2d at 253. When a court lacks subject matter jurisdiction in a case, dismissal is the only permissible action the court may take. *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). The Snohomish County Superior Court's dismissal of the action therefore followed existing law.

However, Ms. Young asks us to reconsider *Aydelotte*, arguing that it is inconsistent with Washington Constitution article IV, section 6. Pet. for Review at 10. Article IV, section 6 states in relevant part: "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."

■■■■ Whether the legislature's authority to limit subject matter jurisdiction as among superior courts violates article IV, section 6 of the state constitution is a case of first impression. "Where the language of the constitution is clear, the words used therein should be given their plain meaning." *City of Tacoma v. Taxpayers of City of Tacoma*, 108 Wn.2d 679, 706, 743 P.2d 793 (1987). On its face, article IV, section 6 allows the legislature to limit the superior court's jurisdiction in certain matters, provided it vests authority over such matters *in some other court*, presumably a court of limited jurisdiction. *See Moore v. Perrott*, 2

---

[4] A properly commenced action endows the superior court with subject matter jurisdiction. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 766, 380 P.2d 744 (1963). However, if that court transfers the action upon a motion of the parties pursuant to RCW 4.12.030 (grounds authorizing change of venue) to a court in a third county not designated by RCW 4.12.020, the transferee court obtains the same subject matter jurisdiction as the transferor court. *Id.*; *see also* RCW 4.12.090(1) (providing that the superior court of the county to which the action is transferred exercises "over the same the like jurisdiction as if it had been originally commenced therein").

Wash. 1, 4, 25 P. 906 (1891) ("The language of the constitution is not that the superior courts shall have exclusive jurisdiction, but it gives to the superior courts universal original jurisdiction, leaving the legislature to carve out from that jurisdiction the jurisdiction of the justices of the peace, and any other inferior courts that may be created."). Our previous interpretation of RCW 4.12.020 construed the statute to limit subject matter jurisdiction as among superior courts.[5] So understood, the statute violates article IV, section 6 of the state constitution.

Bearing in mind our obligation to construe statutes consistently with the constitution, *State v. Clausen*, 160 Wash. 618, 632, 295 P. 751 (1931), we overrule *Aydelotte* and hold the filing restrictions of RCW 4.12.020(3) relate only to the venue in which such actions may be tried. Similarly, our companion case, *Shoop v. Kittitas County*, 149 Wn.2d 29, 65 P.3d 1194 (2003) reverses prior precedent and holds "the filing requirements of RCW 36.01.050 relate only to venue, not to the trial court's subject matter jurisdiction." *Id.* at 37.

## CONCLUSION

The Court of Appeals is reversed and the matter remanded to the trial court for further proceedings consistent with this decision. The petitioner shall recover her costs.

ALEXANDER, C.J., JOHNSON, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., and SMITH, J. PRO TEM., concur.

MADSEN, J., concurs in the result.

---

[5] We are mindful that even before statehood our courts have construed such statutes to limit subject matter jurisdiction as among courts of general jurisdiction. *Wood v. Mastick*, 2 Wash. Terr. 64, 69, 3 P. 612 (1881) ("We are of opinion that all actions for the causes mentioned in section 48, Laws W[ash]. T[err]., 1877, *must be commenced* in the county or district in which the subject of the action lies, and the Court of no other county or district has jurisdiction."); *Stiles v. James*, 2 Wash. Terr. 194, 197, 2 P. 188 (1883) ("We are of opinion that an allegation of venue in the complaint was essential to give the Court jurisdiction of the subject matter."). Nevertheless no previous decision considered the validity of such constructions under article IV, section 6 of the state constitution.