[No. 30563. *En Banc.* May 26, 1948.]

THE STATE OF WASHINGTON, *on the Relation of Jake Bird, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Respondent.*[1]

*Jake Bird, pro se.*

*Patrick M. Steele* and *Earl D. Mann,* for respondent.

*Lucile Lomen, amica curiae.*

[1]Reported in 194 P. (2d) 374.

MILLARD, J.—Jake Bird was found guilty of murder in the first degree in department No. 3 of the late Judge E. D. Hodge, presiding judge of the superior court for Pierce county, November 26, 1947, and the jury further found that the death penalty should be imposed. Judgment in conformity to the verdict was entered.

An application was filed in this court January 31, 1948, for a writ of mandate, to compel the superior court for Pierce county to hold that defendant's appeal had been timely initiated. Relator Bird also prayed that writ issue requiring the superior court for Pierce county to order the official court reporter to prepare, at the expense of Pierce county, a transcript of the reporter's notes of all the testimony in the case of State of Washington v. Jake Bird, without cost to Bird, under the provisions of Rem. Supp. 1943, § 42-5 [P.P.C. § 108-9].

In *State ex rel. Bird v. Superior Court, ante* p. 110, 190 P. (2d) 762, we granted the prayer that the trial court be required to hold that the notice of appeal, filed December 12, 1947, was a valid notice of appeal from the judgment entered December 6, 1947. We denied the application for a writ of mandate directing the superior court for Pierce county to (1) enter an order permitting Bird to prosecute his appeal *in forma pauperis*; (2) enter an order directing the clerk of the superior court to prepare and file and certify, in a manner provided by law, at the expense of Pierce county, a transcript of the testimony and records in the case; and (3) recall the death warrant issued, December 6, 1947. We said:

"All of these applications are denied: the first because it would be meaningless, as we have had no statutory reference to appeals *in forma pauperis* in criminal proceedings since the repeal of Rem. Rev. Stat., § 1729 [P.P.C. § 5-37], in 1943, and the only assistance at public expense to which an indigent defendant is entitled in prosecuting an appeal is that provided for in Rem. Supp. 1943, § 42-5, heretofore discussed; the second because Rem. Rev. Stat., §'1729, on which the request for a transcript of the records and files to be furnished by the clerk of the superior court at the county's expense, is apparently based, was, if not super-

seded by Rule of Supreme Court 12, specifically repealed in 1943; the third because, the date fixed by the death warrant for the execution having passed, the death warrant had become inoperative and there is no necessity for its recall (Rem. Rev. Stat., § 2222 [P.P.C. § 134-61]; *Grossi v. Long*, 136 Wash. 133, 238 Pac. 983), and, an appeal having been taken, no death warrant can issue unless and until the judgment is affirmed. Rem. Rev. Stat., § 2210.

"Should the judge of department No. 3 of the superior court for Pierce county refuse the application for a transcript of the reporter's shorthand notes of the testimony and other proceedings taken in the case of State of Washington v. Jake Bird, his ruling might again be brought to this court for review before a statement of facts could be prepared, certified, and filed and appellant's opening brief prepared and filed."

March 30, 1948, Bird petitioned the superior court for Pierce county for a transcript of the testimony in the case of State of Washington v. Jake Bird, at the expense of Pierce county. Honorable Hugh J. Rosellini, successor to the late Honorable E. D. Hodge, presided at the hearing on the petition. At the trial of Bird, at which the late Honorable E. D. Hodge presided, on the charge of murder, the official court reporter made a report of the proceedings on a machine known as a stenograph. That machine has a sound transcriber which records, upon plastic records, every proceeding of the trial, every noise, and every voice, during that trial. Judge Rosellini listened to the transcriber, the words of each witness, every order of the court, the argument of counsel, and the instructions. After considering all of the facts, records, and files, respondent judge denied the petition and announced that, in his opinion, justice would not be promoted by furnishing petitioner Bird with a free statement of facts, to be made by the official reporter and payment therefor to be made by the county treasurer. The court expressed the conviction that Bird had been accorded a fair and impartial trial, in which no grave or prejudicial errors had occurred.

Relator, who refused the services of an able attorney of forty years' experience, appointed by this court to aid him, now appears in this court *in propria persona* on an alter-

native writ of mandate, praying that the peremptory writ issue, requiring respondent to direct the official court reporter, in and for Pierce county, to furnish a longhand copy of the testimony in the criminal case of State of Washington v. Jake Bird, upon the ground that relator is indigent. Relator relies upon Rem. Supp. 1943, § 42-5, which provides that:

"When the defendant in any criminal case shall present to the judge presiding satisfactory proof by affidavit or otherwise that he is unable to pay for such transcript, the judge presiding, if in his opinion justice will thereby be promoted, may order said transcript to be made by the official reporter, which transcript fee therefor shall be paid out of the county treasury as other expenses of the court are paid."

■ While, in *State v. Brown,* 26 Wn. (2d) 857, 176 P. (2d) 293, and *State ex rel. Bird v. Superior Court, ante* p. 110, 190 P. (2d) 762, we held that we had the right, in capital cases, in the event we felt that the constitutional right of appeal of an accused had, by a series of circumstances beyond his control, been denied, to relax a rule of this court respecting the perfecting of an appeal, we are committed to the rule that the constitutional provision under which a person convicted of crime is given the right to appeal, does not include the right to require the county to defray the cost of a transcript on appeal in the case of an impecunious defendant. In *State ex rel. Marr v. Superior Court,* 163 Wash. 459, 1 P. (2d) 331 (all of the authorities are reviewed therein), which has never been modified, we held that the statute (Rem. Comp. Stat., § 42-5, now Rem. Supp. 1943, § 42-5) which authorizes the trial judge, upon satisfactory proof of inability to pay, to order a transcript if, in his opinion, justice will thereby be promoted, vests the matter in the discretion of the trial judge. The only statutory authority pertaining to costs on appeal, so far as indigent defendants are concerned, will be found in Rem. Rev. Stat., § 42-5, as amended by the Laws of 1943, chapter 69, p. 129, § 4, which was interpreted by this court in *State ex rel. Marr v. Superior Court, supra.* As stated by Judge

Schwellenbach in his concurring opinion in *State ex rel. Bird v. Superior Court, supra,*

"The legislature . . . placed the initial responsibility for determining whether or not a transcript shall be furnished an accused at the expense of a county, upon the judge of the county where the application is made, and that judge should feel perfectly free to exercise his discretion in determining whether or not 'justice will thereby be promoted.'"

█ There is no authority on which this court may permit the filing of appeal *in forma pauperis.* Rem. Rev. Stat., § 1729 [P.P.C. § 5-37], which was cited by relator in *State ex rel. Bird v. Superior Court, supra,* as authority for preparation, certification, and filing of records in criminal appeals prosecuted *in forma pauperis,* at the expense of the county, was repealed by the Laws of 1943, chapter 206, p. 639, § 1. Rem. Supp. 1943, § 42-5.

█ The only assistance, at public expense, to which an indigent defendant is entitled in prosecuting an appeal, is that provided by Rem. Supp. 1943, § 42-5. As stated in *State ex rel. Marr v. Superior Court, supra,* that statute involves more than the mere indigence of the defendant. It prescribes that, if the presiding judge does not think justice will be promoted, he shall not order a free transcript of the evidence for the accused on appeal. It is possible, but it is not manifest, as was the situation in the case cited, that the discretion of the trial judge was abused.

"It cannot justly be said that this usurps the functions of this court, which in such cases are purely appellate, while the superior court is a court of general and exclusive jurisdiction, except for the correction of errors in the matters and ways provided by law. The language of the statute is very broad and vests in the trial judge almost absolute discretion. Its language is, 'If in his opinion justice will thereby be promoted, [he] may order said transcript to be made by the official reporter.'

"Under our decisions, no constitutional right of relator has been violated. The right to appeal being a constitutional and statutory right, without which relator would have no appeal, the statutes relating thereto must control."

'The petition of the relator is denied. The remittitur will go down immediately.

MALLERY, C. J., JEFFERS, and HILL, JJ., concur.

SCHWELLENBACH, J. (concurring)—When we determined that relator, due to circumstances beyond his control, failed to serve his notice of appeal within five days, as provided by Rule 12 (1) (a), we refused to apply the rule in that instance, feeling that relator had been denied his constitutional right of appeal. Having reinstated his appeal, our functions ended.

The legislature has placed the responsibility of deciding whether the transcript on appeal shall be paid for out of the county treasury, in the event the defendant is unable to pay for it, on the judge presiding. He may order such transcript to be made, "if in his opinion justice will thereby be promoted."

We have no right, merely because we sanctioned the appeal, to further that appeal by ordering the transcript to be furnished at the expense of Pierce county. Our only function is to review the action of the trial court and determine whether or not it abused its discretion.

In *McKane v. Durston*, 153 U. S. 684, 38 L. Ed. 867, 14 S. Ct. 913, it was held (quoting the syllabus):

"In the State of New York the committal to prison of a person convicted of crime, without giving him an opportunity, pending an appeal, to furnish bail, is in conformity with the laws of that State when no certificate is furnished by the judge who presided at the trial or by a Justice of the Supreme Court of the State, that in his opinion there is reasonable doubt whether the judgment should stand; and such committal under such circumstances violates no provision of the Constitution of the United States.

"An appeal to a higher court from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing it, and a State may accord it to a person convicted of crime upon such terms as it thinks proper."

I see no abuse of discretion on the part of the trial court.

STEINERT, J. (dissenting)—It is undisputed that the accused, Jake Bird, who was charged with, and convicted of,

the crime of murder in the first degree, and was sentenced to be hanged, is entitled to appeal to this court from the judgment of conviction and sentence. Our state constitution guarantees to him that right, the statutes of this state recognize it, and former decisions of this court uphold it. We so declared in *State ex rel. Bird v. Superior Court, ante* p. 110, 190 P. (2d) 762.

The only question now before us is whether the defendant Bird, who has heretofore taken an appeal to this court, is entitled to have a transcript of the testimony and other proceedings in the case furnished to him by order of the superior court wherein he was tried and paid for out of Pierce county treasury. The majority hold that his petition seeking such assistance should be denied; I am of the opinion that, from what has been made to appear in this court, the petition should be granted. The preparation of the transcript here sought will cost about four hundred dollars. Bird is an indigent person, wholly without funds to pay for such document.

The statute relating to the subject is Rem. Supp. 1943, § 42-5 [P.P.C. § 108-9], the material portion of which reads as follows:

"When shorthand notes have been taken in any cause as in this act provided, if the court, or either party to the suit or action, or his attorney, request a transcript of the notes into longhand, the official reporter shall make, or cause to be made, with reasonable diligence, full and accurate typewritten transcript of the testimony and other proceedings, which shall, when certified to as hereinafter provided, be filed with the Clerk of the Court where such trial is had for the use of the court or parties to the action. . . . *Provided,* That when the defendant in any criminal case shall present to the judge presiding satisfactory proof by affidavit or otherwise that he is unable to pay for such transcript, the judge presiding, if in his opinion justice will thereby be promoted, may order said transcript to be made by the official reporter, which transcript fee therefor shall be paid out of the county treasury as other expenses of the court are paid."

It is true, as stated in the majority opinion, that the statute above quoted "vests the matter in the discretion of the

trial judge," that is to say, it is for the trial judge, in the first instance, to consider and determine whether justice will be promoted by directing the preparation of such transcript at the expense of the county. However, it is equally true that the decision of the trial court may be reviewed by this court, to determine whether, under all the facts and circumstances shown to exist, the trial court properly exercised its discretion, or whether, on the contrary, it abused its discretion. This principle of law has been declared by this court not only in frequent other cases, but also, as a matter of fact, in the very case in which this defendant is presently involved. In *State ex rel. Bird v. Superior Court, supra,* where this same request was made, but was denied for specific reasons therein stated, we nevertheless said:

"Should the judge of department No. 3 of the superior court for Pierce county refuse the application for a transcript of the reporter's shorthand notes of the testimony and other proceedings taken in the case of State of Washington v. Jake Bird, his ruling might again be brought to this court for review before a statement of facts could be prepared, certified, and filed and appellant's opening brief prepared and filed."

Now, whether the trial court in refusing defendant's request with respect to a transcript of the testimony and other proceedings abused its discretion, is a question which we as a reviewing court cannot possibly decide unless in some way there is brought to us the record upon which the trial court based its decision. Without such record, there is nothing for us to review. As stated in the majority opinion, Judge Rosellini had the benefit of listening to the "transcriber," covering the proceedings of the trial had before Judge Hodge, now deceased, and based his judgment and conclusion upon the information derived from the transcriber. We, on the other hand, have absolutely nothing on which to base our judgment or a finding as to whether or not Judge Rosellini abused his discretion in denying defendant's request.

It may well be that, as stated by Judge Rosellini, "justice would not be promoted by furnishing petitioner Bird with

a free statement of facts," and that "Bird had been accorded a fair and impartial trial." But those are the very questions which we will be required to decide upon, or in connection with, the appeal when the record is brought to us. Whether or not a convicted defendant has had a fair and impartial trial, is of the very essence of every criminal appeal; and whether or not justice would be promoted in a given instance, is likewise a question within the province of this court, as a reviewing tribunal, to determine in connection with the appeal.

If, as declared in *State ex rel. Bird v. Superior Court, supra,* the ruling of the judge of the superior court on this very question may be brought to this court for review, how can a "review" be had when the record to be reviewed is not before us? And of what value to anyone is a constitutional right of appeal if the questions to be determined on such appeal are dependent upon a record which, though capable of being supplied, cannot be produced or obtained by the defendant because he is destitute? It is apparent that in this case the appeal will be futile without the record upon which the appeal is founded.

I am of the opinion that in a *capital case,* where the defendant is an indigent person, unable to pay for the transcript of the testimony and other proceedings in the case, it is an abuse of discretion to refuse to have such transcript supplied to him at the expense of the county, for otherwise the constitutional right of appeal is worthless. I am also of the opinion that, upon the oral argument of this matter, a sufficient showing was made to warrant this court in granting the petition, in order that we may properly and intelligently dispose of the appeal. I therefore dissent. However, since the majority opinion prevails, I agree that the remittitur shall go down immediately.

BEALS and ROBINSON, JJ., concur with STEINERT, J.