PERRY L. BECKSTEAD et al., *Respondents*, v. SAM LINDEN et al., *Appellants*.[1]

*Oluf Johnsen*, for appellants.

*McCormick & Hoffman* (*Paul Hoffman, Jr.*, of counsel), for respondents Bonded Builders.

*Hodge, Mann & Peterson*, for respondents Lundgren Dealers Supply, Inc.

PER CURIAM.—The transcript of the record of this case does not contain a written notice of appeal; its timely filing is now the only procedural step necessary to confer appellate jurisdiction upon this court. Rule on Appeal 32, 34A Wn. (2d) 32, as amended, effective March 1, 1957.

A photostatic copy of the civil minutes of the superior court for Kitsap county, dated June 3, 1957, appears in the certified transcript before us. It discloses that the trial court denied a motion for a new trial and signed the findings of fact, conclusions of law, and judgment in the instant case on that day. It states further, "*Oral* Notice of Appeal given *in open court.*" (Italics ours.)

This is not sufficient to invoke the appellate jurisdiction of this court. Rule on Appeal 33 (1) (a), 34A Wn. (2d) 33, as amended, effective March 1, 1957, provides:

[1] Reported in 329 P. (2d) 1093.

"NOTICE OF APPEAL AND CROSS-APPEAL IN CIVIL CAUSES.

"(1) Notice of appeal shall be given from an appealable order, judgment, or decree in a civil action in the following manner:

"(a) *From Final Orders, Judgments, and Decrees.* By filing with the clerk of the superior court *written notice of appeal* within thirty days after the day of entry of a final order, judgment, or decree." (Italics ours.)

Rule on Appeal 1, 34A Wn. (2d) 15, as amended, effective January 3, 1956, provides:

"The mode provided by these rules for appealing cases to the supreme court, and for securing a review of the same therein, shall be exclusive and shall supersede all other methods heretofore provided."

Not having timely filed a written notice of appeal with the clerk of the superior court, this court did not acquire jurisdiction; hence, the appeal must be dismissed.

It is so ordered.