[No. 160-41229-1.    Division One.    March 16, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. JAMES RAMSEY SORENSON, *Appellant.*

*Robert Fetty,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Robert S. Bryan, Deputy,* for respondent.

JAMES, C. J.—James Ramsey Sorenson was sentenced, on May 23, 1969, to not more than 10 years of imprisonment for the crime of assault in the second degree. After sentence was pronounced, Sorenson's trial counsel gave oral notice of appeal. May 23 was a Friday. The trial judge refused counsel's request that sentencing be delayed until

Wednesday of the following week to enable Sorenson to arrange for a bond to secure his release from custody pending appeal. Instead, the trial judge said, "I will fix bond at ten thousand—the defendant will not be at liberty. He will be under the custody of the King County Sheriff."

Sorenson's trial counsel advised him that his appeal would be perfected on Monday, but his trial counsel did nothing further on his behalf.

Sorenson was able to obtain the assistance of friends in endeavoring to secure an appeal bond. On Wednesday, May 28, a representative of a bonding company visited Sorenson in the county jail. The representative produced, and Sorenson signed, three copies of a form notice of appeal which had been prepared for the bonding company by a Seattle attorney (not trial counsel or Sorenson's present counsel on appeal).

The bonding company representative told Sorenson that the company would provide the necessary appeal bond and that the written notice of appeal would be filed along with the bond. On May 28, Sorenson's employer paid the bonding company a $1,000 premium for the bond.

The bonding company representative attempted to file the bond with the county clerk on May 28, but the clerk refused to accept the filing without a written order fixing the amount of the bond. The representative was unsuccessful in his attempt to locate the deputy prosecuting attorney on May 28, but on May 29, he showed the deputy prosecutor the signed notice of appeal and an "Order Setting Bond on Appeal." With the approval of the deputy, the representative presented the order to the trial judge, and the judge signed it. The representative filed the $10,000 bond and the order with the county clerk. Through inadvertence, the representative neglected to file the written notice of appeal.

Sorenson was released from the King County jail after the bond was filed. He went directly to the office of the bonding company to sign documents relating to the writing of the bond, and the bonding company proprietor told him

that the notice of appeal had been filed along with the bond and that everything necessary had been taken care of.

On July 2, Sorenson was notified that he should surrender himself for commitment to the Department of Institutions. On July 3, he went to the office of the bonding company and discovered that the three signed copes of the notice of appeal were still in the company's files. Sorenson filed the notice of appeal on July 3.

Relying upon CAROA 1, 8, 15, and 46 (and their counterparts in ROA), the state moves to dismiss the appeal for lack of jurisdiction. The state contends that the timely filing of a written notice of appeal is jurisdictional. In this contention, the state is clearly correct. *State v. Miller,* 67 Wn.2d 59, 406 P.2d 760 (1965).

ROA 46 (now designated ROA I-46) and CAROA 46 both provide, in part, "A defendant must, within thirty days after the entry of the judgment or order appealed from, file a notice of appeal in duplicate with the clerk of the superior court; . . ." ROA 46(b)(1)(i), CAROA 46(b)(1)(i).

Only in two cases has the Supreme Court of this state failed to require timely filing of a written notice of appeal. *State ex rel. Bird v. Superior Court,* 30 Wn.2d 110, 190 P.2d 762 (1948); *State v. Brown,* 26 Wn.2d 857, 176 P.2d 293 (1947). In both cases the defendants were faced with death sentences. In *Brown,* the court, making clear that the exception announced would apply only to capital cases, concluded that because of the mitigating circumstances the court would "exercise its rule-making power in such manner as to suspend its existing rule for the moment in order to permit the appellants to have their day in this court." *Brown,* 26 Wn.2d at 865. In *Bird,* the court, reiterating its adherence to a policy of strict enforcement of the time requirement, and specifically disavowing reliance upon *Brown,* held that because public officials had frustrated the defendant in his endeavor to perfect an appeal, another exception to the time requirement would be made.

At the time Sorenson attempted this appeal, ROA

46(b)(2) was the rule which prescribed the contents of the notice of appeal:

> Contents. The notice of appeal shall set forth the title of the case, the name and address of the appellant and appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody, and a statement that the appellant appeals from the judgment or order. It shall be signed by the appellant or appellant's attorney, or by the clerk if the notice is prepared by the clerk as provided in paragraph (a) above of this rule. Notification of the filing of the notice of appeal shall be given by the clerk of the superior court by mailing copies thereof to adverse parties, but his failure so to do shall not affect the validity of the appeal.

It is apparent that to be effective, a notice of appeal must fulfill two requirements: (1) it must be timely, and (2) it must contain specified information.

Sorenson must rely on the bond he filed to meet both requirements. His trial counsel's oral notice of appeal, although timely, was insufficient. *State v. Miller,* 67 Wn.2d 59, 406 P.2d 760 (1965); *Snohomish v. Patric,* 56 Wn.2d 38, 350 P.2d 1009 (1960).

▆▆ The bond was filed within 30 days after the entry of judgment. The inquiry then becomes, did the bond satisfy the content requirements of the rule?

The bond clearly sets forth the title of the case, the name of the appellant, a precise (not general) statement of the offense, a concise statement of the judgment and its date, and the sentence imposed. It states that appellant *has* appealed from the judgment. It is signed by the appellant.

ROA 52 and CAROA 52 provide, in part,

> [N]o appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service or filing of either thereof, or for any defect of parties to the appeal if the appellant shall forthwith, . . . perfect the appeal.

The bond does not recite that Sorenson is in custody in the King County jail. It does not state his address or that of

his attorney. It does not state, in the present tense, that he appeals from the judgment. And it was not filed in duplicate as required by ROA 46(b) (1) (i).

That Sorenson was confined in the King County jail was evident from the fact that he filed an appeal bond with the clerk of the King County Superior Court which related to a conviction in the King County Superior Court. He did not have an attorney, so there was no attorney's name or address to set forth. The appeal bond recites that he has previously given notice of appeal and is captioned "Appeal Bond." Only in failing to file in duplicate the notice of appeal has Sorenson failed to comply at least substantially with all the content requirements of ROA 46(b) (2).

ROA 46(b) (2) requires that the clerk shall mail copies of the notice of appeal to adverse parties. This requirement is the only apparent reason for the requirement of ROA 46(b) (1) (i) that the notice be filed in duplicate. But the rule expressly states that a failure to mail copies shall not affect the validity of the appeal.

It is my judgment that under the circumstances of this case, the filing of Sorenson's appeal bond gave the appellate court jurisdiction of his appeal. The filing was timely. The bond supplied substantially all of the information required of a formal notice of appeal. The fact that it was not filed in duplicate was a defect which was cured by the filing in duplicate of the formal notice of appeal on July 3. ROA 52 (now designated ROA I-52) and CAROA 52 contemplate that defects such as this may be cured to insure that "substantial justice be secured to the parties."

The motion to dismiss the appeal should be denied.

FARRIS, J. (concurring)—I concur with Judge James. CAROA 46(b) (2) provides as follows:

> Contents. The notice of appeal shall set forth the title of the case, the division of the court of appeals to which the appeal is taken, the name and address of the appellant and appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of

confinement if the defendant is in custody, and a statement that the appellant appeals from the judgment or order. It shall be signed by the appellant or appellant's attorney, or by the clerk if the notice is prepared by the clerk as provided in paragraph (a) above of this rule. Notification of the filing of the notice of appeal shall be given by the clerk of the superior court by mailing copies thereof to adverse parties, but his failure so to do shall not affect the validity of the appeal.

Compliance with this rule is a requisite to jurisdiction of this court. The question is whether there can ever be substantial compliance with CAROA 46(b)(2), and if so, are the facts here sufficient to satisfy the requirements of the rule.

Rules of court were enacted to assist in the efficient and effective administration of justice. Litigants have the right to prompt and orderly administration of justice. Courts must insist upon compliance with its rules or abandon them.

On two occasions, the Supreme Court has made exceptions to the strict application of CAROA 46(b)(2). In both instances, the death penalty was involved. Those decisions limited the exception to the particular facts of the case. See *State ex rel. Bird v. Superior Court,* 30 Wn.2d 110, 190 P.2d 762 (1948), and *State v. Brown,* 26 Wn.2d 857, 176 P.2d 293 (1947).

The Supreme Court recently considered whether CR 41(b)(1) was intended to be retroactive. *Yellam v. Woerner,* 77 W.D.2d 611, 615, 464 P.2d 947 (1970):

> An action on appeal is a pending action. *State v. Tugwell,* 19 Wash. 238, 52 P. 1056 (1898); *Haynes v. Seattle,* 87 Wash. 375, 151 P. 789 (1915). The rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. *Franks v. Douglas,* 57 Wn.2d 583, 358 P.2d 969 (1961); *State ex rel. Witting v. Superior Court,* 56 Wn.2d 117, 351 P.2d 409 (1960); 4 L. Orland, Wash. Prac. 86 (2d ed. 1968).

While the *Yellam* decision has no application to the facts before this court, the quoted language indicates an attitude of the Supreme Court.

Manifest injustice would result from granting the motion to dismiss. Procedural fairness results from recognizing substantial compliance in this limited instance where the facts clearly support such a finding. The motion to dismiss should be denied.

SWANSON, J. (dissenting)—I dissent. Moved by a commendable desire to avoid a harsh result, dismissal of an appeal for late filing of the required notice, the majority, by an ingenious process of metamorphosis or transmutation, have transformed a bond filed by the defendant to secure his release from confinement into a notice of appeal required by ROA I-46(b), CAROA 46(b).

The majority holds that the timely filing of an appeal bond will substitute for the required notice and give this court jurisdiction when the bond substantially complies with the content requirements of CAROA 46(b)(2). That is not the law of this state. While it is true, as provided in CAROA 52, "no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service or filing of either . . .," the rule clearly shows that a notice of appeal and an appeal bond are not the same thing. Expressio unius est exclusio alterius, *i.e.,* expression of one thing is the exclusion of another. And this maxim likewise applies to ROA I-46 and CAROA 46. When the rule says a defendant must "file a notice of appeal," it does not mean an appeal bond.

Not only a Latin maxim, but also the rationale of CAROA 46 requires a notice of appeal. Notice in law may be of several forms. Actual express notice is found when knowledge of a particular fact is given to the person to be notified. The Washington Supreme Court has held that oral notice, though actual and express, is not sufficient to comply with the rule. *Snohomish v. Patric,* 56 Wn.2d 38, 350 P.2d 1009 (1960). Rather, the rule requires actual express

notice in writing. *State v. Miller,* 67 Wn.2d 59, 406 P.2d 760 (1965).

The filing of an appeal bond is at best actual implied, or constructive, notice, *i.e.,* from the filing of an appeal bond, a reasonably cautious person could infer that the filer intends to prosecute an appeal. This is what the majority permits, but not what the rule requires. Since a notice of appeal was not filed timely, I would dismiss the appeal.