[No. 45181.   En Banc.   August 31, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD E. ASHBAUGH, *Petitioner.*

*Paul J. Fisher* and *Kirk L. Griffin,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

BRACHTENBACH, J.—Is the timely payment of a filing fee a jurisdictional requirement under our Rules of Appellate Procedure? The filing fee was not paid within 30 days of judgment; the Court of Appeals dismissed the appeal for want of jurisdiction. We reverse on the filing fee issue but remand for determination of whether the appeal should be dismissed for want of prosecution.

Petitioner was convicted of robbery. On June 16, 1976, judgment and sentence were entered.

RAP 5.2 requires that a notice of appeal be filed within 30 days of judgment. On July 15, 1976, petitioner's trial attorney, who is not the attorney on appeal, sent a notice of appeal via Legal Messengers, Inc., to the Superior Court and to the King County prosecuting attorney. The superior court clerk returned the notice of appeal with a letter stating that the required $25 filing fee had not been enclosed. On July 19, 1976, one day past the deadline for filing a notice of appeal, the notice was refiled along with the filing fee.

On November 18, 1976, the King County prosecutor, pursuant to RAP 18.9(c)(1), submitted to the trial attorney a motion to dismiss petitioner's appeal for want of prosecution. The affidavit attached to the motion declared that the prosecutor had not received a statement of arrangements, indicating that petitioner had arranged for the preparation of a report of proceedings, nor had he received any clerk's papers, briefs, or motions for extensions of time. The motion to dismiss and the accompanying affidavit were filed with the Court of Appeals on December 2, 1976. On the same day, the trial attorney filed a response to the motion to dismiss, accompanied by an affidavit which explained:

> Declaration of indigency and determination of appropriate portions of file for the appeal have not been made, partly because of the immediate removal of RICHARD E. ASHBAUGH to the state penitentiary at Walla Walla prior to the completion of the filing notice of appeal, partly because of the confusion between the office of affiant as private attorney and reluctance of the public defender to assume control of the case.

The Court of Appeals notified the parties by letter that on January 21, 1977, it would hear both the prosecutor's motion to dismiss for want of prosecution and the court's motion to dismiss for lack of jurisdiction on the ground that the notice of appeal was filed more than 30 days after entry of judgment.

Prior to the January 21 hearing date, petitioner's attorney obtained an order authorizing petitioner to proceed in forma pauperis (January 6), and filed a statement of arrangements of record on appeal (January 19).

On January 25, 1977, the Court of Appeals dismissed petitioner's appeal for lack of jurisdiction. We examine both grounds which were before the Court of Appeals.

■ Petitioner first claims that the requirement of payment of a filing fee by a criminal defendant violates the tenth amendment to the Washington Constitution, which provides:

In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases . . . In no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.

Petitioner asserts that the requirement of a filing fee violates the làst sentence of the quoted constitutional provision. We do not agree.

This court has previously held that the words "final judgment" as utilized in the Tenth Amendment refer to the judgment of the trial court. *State ex rel. Mahoney v. Ronald,* 117 Wash. 641, 202 P. 241 (1921); *Stowe v. State,* 2 Wash. 124, 25 P. 1085 (1891). Consequently, appellate charges imposed after "final judgment" are not prohibited by the constitution. Furthermore, a reading of the constitution indicates that the sentence containing the words "before final judgment" was not intended to modify the right to appeal. Nothing in the language of the Tenth Amendment precludes the State from charging an appellate filing fee or other appellate costs. *Mason v. Cranor,* 42 Wn.2d 610, 257 P.2d 211 (1953); *State ex rel. Bird v. Superior Court,* 30 Wn.2d 785, 194 P.2d 374 (1948); *State ex rel. Mahoney v. Ronald, supra; Stowe v. State, supra.*

However, a criminal defendant does not lose his constitutional right to appeal because of inability to pay a filing fee. Equal protection considerations mandate otherwise. *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956). He can be spared the cost of appeal by following the procedures promulgated by this court for indigent defendants. RAP 15.1 *et seq.* However, our constitution does not require an across–the–board right of free appeal to all

criminal defendants, regardless of their ability to pay. Petitioner's *constitutional argument is rejected.*

This does not resolve the filing fee problem. As noted above, RAP 5.2(a) requires that a notice of appeal "must be filed in the trial court within . . . 30 days after the entry of the decision of the trial court which the party filing the notice wants reviewed . . ."

Prior to RAP, the penalty for failing to comply with a procedural requirement when pursuing an appeal depended on whether that requirement was deemed "jurisdictional." If the requirement was "jurisdictional," a failure to comply meant that the appellate court did not obtain jurisdiction and the appeal generally had to be dismissed. *See State v. Miller,* 67 Wn.2d 59, 406 P.2d 760 (1965); *Snohomish v. Patric,* 56 Wn.2d 38, 350 P.2d 1009 (1960); *Beckstead v. Linden,* 52 Wn.2d 892, 329 P.2d 1093 (1958).

If the procedural requirement was other than jurisdictional, the appellate court had discretion to impose lesser sanctions. *See Neal v. Green,* 68 Wn.2d 415, 413 P.2d 339 (1966) (statement of facts and transcript late; monetary penalty); *Beagle v. Beagle,* 55 Wn.2d 908, 349 P.2d 241 (1960) (late statement of facts; monetary penalty); *Schmitt v. Matthews,* 12 Wn. App. 654, 531 P.2d 309 (1975) (failure to timely notify respondent of appeal; no sanction).

Whether a particular procedural requirement was jurisdictional depended on statute or court rule. During the period 1935–1957, court rules made the timely filing of the notice of appeal, transcripts, and the opening brief all jurisdictional. 178 Wash. xxxvii (1935). During this period, criminal cases were frequently dismissed due to late filings of such papers. *See, e.g., State v. Gundlach,* 36 Wn.2d 918, 221 P.2d 502 (1950) (statement of facts late); *State v. Currie,* 200 Wash. 699, 94 P.2d 754 (1939) (all filings by pro se appellant were late).

While the rule did not specifically mention filing *fees,* this court held that, because by statute an appealing party had to pay fees "upon filing his first paper or record," timely payment of the filing fee was "jurisdictional." *State*

*v. Conners,* 12 Wn.2d 128, 120 P.2d 1002 (1942); *State v. Nelson,* 6 Wn.2d 190, 107 P.2d 1113 (1940). The statute upon which this court relied in *Conners* and *Nelson* is still in effect. RCW 2.32.070. In both cases the appellant (defendant) timely submitted papers to the court clerk without the accompanying fee. The clerk declined to file the papers and notified appellant, who then paid the fee a few days late.

From 1957 to 1972 (civil cases) and 1973 (criminal cases), court rules made the only jurisdictional prerequisite to appeal the single requirement that the appellant "file a notice of appeal in duplicate with the clerk of the superior court". ROA 46, 49 Wn.2d xxix (1957). *See* 3 L. Orland, Wash. Prac., Comment to ROA 46, 426 (1968); *Beckstead v. Linden, supra.* Whether under this rule, the filing of a notice of appeal *included* a timely payment of the filing fee (under the rationale of *Conners* and *Nelson*) was never discussed, but language by this court in *Myers v. Harris,* 82 Wn.2d 152, 509 P.2d 656 (1973), strongly suggests that it did *not.*

In *Myers v. Harris, supra,* the appellants timely submitted notice of appeal without payment of fees (at that time, a jurisdictional requirement). This court declined to dismiss the appeal on the ground that (1) the rules were confusingly worded, (2) the mistakes were made in good faith, and (3) no prejudice resulted to the respondents. *See also State v. Sorenson,* 2 Wn. App. 97, 466 P.2d 532 (1970), in which the Court of Appeals found substantial, but not literal, compliance with jurisdictional requirements sufficient.

Between 1973 and 1976, court rules (ROA I–46 and CAROA 46) explicitly stated that for the appellate court to obtain jurisdiction in a criminal appeal, the appellant had to both (1) timely file notice of appeal, and (2) pay the filing fees. 82 Wn.2d 1101 (1973).

While a failure to meet jurisdictional requirements has generally mandated dismissal of the appeal, this court has always retained, and occasionally exercised in unusual cases, its authority to nevertheless hear the case on the

merits. *See State v. Brown,* 26 Wn.2d 857, 176 P.2d 293 (1947) (death penalty involved); *State ex rel. Bird v. Superior Court,* 30 Wn.2d 110, 190 P.2d 762 (1948) (officials caused appellant's late filing); *Myers v. Harris, supra.*

█ RAP, which governs the instant case, does not speak in terms of "jurisdiction." Rather, it provides that an appellant "should" take certain steps and "must" take others. When an appellant fails to do that which he "should," the appellate court has wide discretion in fashioning a sanction. This will usually be a fine or compensatory award. RAP 1.2(b); 18.9. When an appellant fails to do that which he "must," the failure either (1) is governed by the terms of RAP 18.8(b), or else it (2) "may result in more severe than usual sanctions." RAP 1.2(b).

RAP 18.8(b) governs dismissals and provides that an appellate court will, in all but extraordinary circumstances, dismiss a review proceeding for failure to timely

> file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration.

An appellant "must" pay a filing fee. RAP 5.1(b). However, the failure to timely pay a filing fee is not mentioned by the terms of RAP 18.8(b) as a ground of dismissal. Such a failure is therefore subject to the alternative rule of RAP 1.2(b) and simply "may result in more severe than usual sanctions." Typical sanctions are a fine or compensatory award. Comment, RAP 18.9. Furthermore, the rules explicitly state that "Cases . . . will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands . . ." RAP 1.2(a).

The record indicates that the failure to timely pay the $25 filing fee in the instant case was a mere oversight on the part of petitioner's attorney. This oversight was corrected as soon as it was brought to his attention. It is diffi-

cult to visualize how "the demands of justice" would be served by dismissing petitioner's appeal under the facts of this case. As we noted in *Neal v. Green,* 68 Wn.2d 415, 416, 413 P.2d 339 (1966), "[We are] hesitant to punish litigants for neglect of their counsel." However, we do not condone willful and unexcusable failure to comply with applicable appellate rules.

Next we consider the State's contention that petitioner "abandoned" his appeal and therefore the motion of dismissal was properly granted pursuant to RAP 18.9(c)(1).

A review of the record reveals that petitioner or his attorneys took no action on his appeal between July 19, 1976, the day the notice of appeal with the filing fee was refiled, and December 2, 1976, when petitioner's attorney filed a response to the prosecution's motion to dismiss for want of prosecution. Some action on the appeal was taken subsequent to the filing of the prosecution's motion to dismiss for want of prosecution.

The appellate rules provide no specific guidance as to when an appellant has abandoned his appeal. However, under our old rules, we held that a motion to dismiss for want of prosecution rests within the sound discretion of the court hearing the motion. ROA I–51; *Hamilton v. Kiona–Benton Irrigation Dist.,* 44 Wn.2d 421, 268 P.2d 446 (1954).

It must be remembered, however, that the right to appeal is a constitutional right. Consequently, any waiver of that right via the alleged abandonment of an appeal must be knowing, intelligent and voluntary. *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969).

We do not have enough facts before us to determine whether or not this test has been satisfied. There may be mitigating circumstances of which we are not aware. On the other hand, the facts may show a knowing, voluntary and intentional abandonment. Consequently, we remand to the Court of Appeals for the sole purpose of determining

whether or not, as a factual matter, petitioner abandoned his appeal.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.